HEARD APRIL TERM, 1873.

## COLUMBIA WATER POWER CO. *vs.* COLUMBIA.

It is not necessary that the matters alleged as ground of a charge of contempt, for violating an injunction order, should appear on the face of the rule to show cause.

An omission to serve, with a rule to show cause, a copy of the affidavit, and other papers on which the rule was founded, is a mere irregularity, not affecting the merits, and not ground for an appeal.

What time should be allowed for answering a rule is matter of discretion with the Circuit Judge, and no ground for an appeal.

It is a conclusive answer to a rule for violating an injunction order that the order had never been served on respondent.

Material allegations in special proceedings, not controverted by the answer, are taken as true.

That a party acted under advice of counsel does not relieve him from the charge of contempt. It is matter of mitigation only.

Fines may be imposed for contempt in violating an injunction order.

The costs allowed by the Code are in cases of actions only, and not in special proceedings.

Neither by order for preliminary injunction, nor by proceedings for contempt of such order, can a defendant in the action be requested to deliver up the possession of property, unless he acquired the possession in breach of the order.

BEFORE CARPENTER, J., AT CHAMBERS, COLUMBIA, FEBRUARY
11, 1873.

This was a special proceeding against John Alexander, Mayor of
the city of Columbia, and Samuel Hook, Superintendent of the
City Water Works, for alleged contempt of an injunction order
made in an action wherein the Columbia Water Power Company
were plaintiffs and the city of Columbia defendant.

On the 7th February, 1873, an order for a temporary injunction
was made, as follows:

"The plaintiffs in this case having filed their complaint, setting
forth a contract between themselves and the defendant, and alleg-
ing that the defendant is interfering with, and preventing the
plaintiffs from having and enjoying the full benefit of the said con-
tract, ask for an order of injunction, pending the final hearing and
decision of the case, restraining the defendant—

"1. From all interference with and hindrance of the plaintiffs
in the performance of their said contract to supply the city of
Columbia with water according to the terms of said contract.

"2. From operating, or causing to be operated, the old water
works, and from preventing the free use of and access to the old
water works, and the old receiving reservoir, and the water
accumulating therein.

"3. And from all and any manner of use and appropriation of
the moneys collected by the defendant from water rents and water
taxes, otherwise than in the payment of the plaintiffs.

"The present motion was fully argued before me on the 1st inst.
After careful consideration, I am of the opinion that the plaintiffs
have presented a case which entitles them to the temporary protec-
tion of the Court, but not to the extent asked for. The contract
which exists between the plaintiffs and the defendant seems to con-
template that, upon the completion, in accordance with the contract,
of the water works therein specified, the plaintiffs shall be let into
the full and complete performance of their duty of supplying water
to the city, and to have the benefit of the water accumulating in
the old receiving reservoir, and to be free from any interference
by the defendant with the full enjoyment and execution of their
contract. To all this the plaintiffs, in my opinion, have already
become entitled upon the showing now made.

" On the other hand, I am not willing to assume, in advance, that the defendant will divert or misappropriate the funds which, under this contract, are to be set aside for the payment of the plaintiffs, and the plaintiffs have failed to show any such attempt or purpose on the part of the defendant. I assume, without hesitation, that the defendant is ready to perform the requirements of its contract, whenever it shall have been judicially ascertained that a valid contract exists.

" I shall, therefore, refuse so much of the present motion as asks for an order of injunction restraining the defendant from any use of the proceeds of water rents and water taxes, otherwise than in the payment of the plaintiffs.

" It is now, therefore, ordered :

" 1. That, until the further order of this Court, the defendant herein, the city of Columbia, its Mayor and Aldermen, its officers and agents, be, and they are hereby, restrained from any and all manner of interference with and hindrance of the plaintiffs, the Columbia Water Power Company, in the performance of their contract to supply the city of Columbia with water according to the terms of said contract.

" 2. That the defendant, its Mayor and Aldermen, its officers and agents, be, and they are hereby, restrained and enjoined from operating or causing to be operated the old water works ; from forcing or causing to be forced into the distributing reservoir the water which, from time to time, accumulates in the old receiving reservoir; from preventing the plaintiffs, or causing them to be prevented, from access to said old receiving reservoir, and from the use of the water, as it from time to time there accumulates, and from access to the said old water works at all times.

" The plaintiffs are hereby required, immediately upon the filing of this order, to execute to the defendant their bond in the sum of six thousand dollars, with one or more sufficient sureties, to be approved by the Clerk of the Court of this County, conditioned for the payment to the defendant of all costs and damages that may accrue to the defendant in case it shall finally be adjudged that the plaintiffs are not entitled to the relief claimed."

Upon the filing of the order, and notice thereof, the appellant, John Alexander, as Mayor of the city of Columbia, addressed to

Samuel A. Pearce, the representative of the Columbia Water Power Company, the following communication :

### THE COLUMBIA WATER POWER COMPANY

*Versus*

### THE CITY OF COLUMBIA.

COLUMBIA, S. C., February 8, 1873.

*To Col. Samuel A. Pearce :*

SIR—I have this moment been served with the injunction order of His Honor Judge Carpenter in the above entitled case. This injunction of His Honor we mean to obey to the letter. From this day, then, we mean to hold the " City Water Works," now used by the said city, strictly inactive, and it shall remain in the place and condition it now is, until the further order of the Court, from the time when you begin to supply the city with water, subject to your use, at your expense, should any *accident* or *unforeseen* event occur which shall *temporarily* render your machinery inoperative. We trust, therefore, that you have the means at hand to comply immediately with your contract.

. Reserving, in the meantime, all the rights of the city, and submitting only to the order of the Court, and rejecting your contract for non-performance and for other reasons,

I am, sir,

JOHN ALEXANDER, Mayor.

On the 10th day of February, 1873, Samuel A. Pearce caused to be presented to His Honor the Circuit Judge the following petition, on a special proceeding for a contempt :

The petition of Samuel A. Pearce, Jr., one of the plaintiffs in the above stated case, respectfully shows to this Honorable Court:

That, upon the service of the injunction order in this case, his Honor John Alexander, the Mayor of the city of Columbia, assured your petitioner that, in obedience thereto, the plaintiffs would have possession of the water works, so as without further hindrance to carry out the terms of the contract recited in the complaint herein.

Your petitioner accordingly made arrangements to proceed with the work, and issued instructions to have the water works of the plaintiffs put in operation, when on yesterday he was informed that, by order of the Mayor, the gates of the pipes leading from the

plaintiffs' works to the distributing reservoir had been closed, and plaintiffs' access to the said reservoir thereby cut off.

Your petitioner further represents that he did this day make demand upon Samuel Hook, Superintendent of the City Water Works, that the said gates be opened and the keys thereof be surrendered to your petitioner, which demand was refused, and the said Hook stated on yesterday that he had been ordered by the Mayor to close the said gates and retain possession of said keys, and that it was the declared purpose of the Mayor to resist the opening of the said gates by the entire police force of the city, if necessary.

Your petitioner avers that the plaintiffs' water works cannot be put into operation without control of the gates referred to, and the possession of the keys thereof; that the action of the Mayor and his agent, the said Superintendent, in the premises, is an interference with, and hindrance of, the plaintiffs in the performance of their contract to supply the city of Columbia with water, according to the terms of their said contract.

Your petitioner therefore prays that the Mayor, John Alexander, and Samuel Hook, Superintendent of the City Water Works, may, by order of this Honorable Court, be required to open, or cause to be opened, the gates hereinbefore referred to, and surrender to your petitioner, in behalf of the plaintiffs, the keys thereof.

That the said Mayor and Superintendent be declared and adjudged to be in contempt of the authority of this Honorable Court, because of the action in the premises, and that the said plaintiffs may have such other and further relief as to this Honorable Court may seem meet.

The petition was verified by the petitioner, and was supported by an affidavit as follows :

" Personally came T. Lamar Stark before me, and made oath that he was present this day and witnessed an interview between Samuel A. Pearce, Jr., and Samuel Hook, Superintendent of the City Water Works. Upon demand made by the said Pearce that the gates leading from the water works of the plaintiffs to the distributing reservoir of the city be opened, and the keys thereof surrendered to the said plaintiff, the said Hook replied that he had been ordered by the Mayor on Saturday to close the gates and retain possession of the keys ; that not doing so, the order was repeated yesterday, and he had closed the gates accordingly, and in obedience to said

order now declined to open them or to surrender the keys without further orders from the Mayor."

And thereupon His Honor granted an *ex parte* order to shew cause the next morning at 10 o'clock, of which the following is a copy:

Upon hearing the petition of Samuel A. Pearce, Jr., and the affidavit of T. Lamar Stark, and it appearing that the said defendants, through the Mayor, the Hon. John Alexander, and Samuel Hook, Superintendent of the City Water Works, have refused to obey the order of this Court, herein made and filed 7th February instant: *Ordered*, That the Mayor of the city of Columbia, John Alexander, and the Superintendent of the City Water Works, Samuel Hook, do show cause before me, at my Chambers, in the office of the Clerk of this Court in Columbia, at 10 o'clock to-morrow morning, why they and each of them should not be attached for contempt.

At the time and place named in the said order John Alexander and Samuel Hook appeared, and, for cause, the said John Alexander made the following return to the rule as served upon him:

This respondent, John Alexander, Mayor of the city of Columbia, upon whom an order by His Honor R. B. Carpenter has been served to show cause before him this morning, at ten o'clock, why he should not be attached for contempt for refusing, as it is alleged, to obey the order of this Court, made and filed on the 7th of February instant, for return thereto, respectfully sets forth and replies as follows:

I. That if he has been guilty of any act disrespectful to this Honorable Court, or to the order of the Judge thereof, or in any other way whatsoever rendered himself liable as for a matter of contempt to this Honorable Court, he is certainly wholly unconscious of it.

II. This respondent, for a further return, respectfully says: That there is neither charge nor specification in the order served upon him as to the act, manner, matter, or thing wherewith or whereof he is charged and called upon to show why he should not be attached for contempt. The petition of Samuel A. Pearce, Jr., and the affidavit of T. Lamar Stark, upon which it appears that the order of His Honor Judge Carpenter was granted, have not

been served upon this respondent, and he is wholly ignorant of the matters and the things therein set forth ; and if called upon to answer the facts or allegations therein stated, he respectfully demands that the same may be served upon him, and further craves time to answer the same, and, if necessary, to introduce and submit counter affidavits to this Honorable Court, touching the facts stated therein, and any supposed contempt on the part of the respondent.

III. This respondent, for a further return, respectfully says : That he has used every means in his power to arrive at the true meaning and intention of the order made in this case.　That in asserting the legal rights of the city of Columbia, he has not forgotten obedience to the order of this Court, and wherein he has been in default he is at this moment profoundly ignorant.　And as an evidence of this, on the part of this respondent, he craves leave to refer to his early and prompt communication to the said Samuel A. Pearce, Jr., wherein he distinctly recognizes the authority of the injunction order, and hopes that the said Samuel A. Pearce would be ready immediately to comply with his contract.

IV. This respondent, for a further return, respectfully says : That he is so ignorant of the fact charged against him as a contempt, that he has been induced to believe that there might be some misunderstanding as to the fact of his having on yesterday taken the engine to pieces, and this might have been construed hastily into a disobedience of the said injunction order ; but this respondent avers that the said engine was somewhat out of repair, and that his whole intention was, and is now, to have the said engine thoroughly cleaned and its parts adjusted together with all the apparatus of the City Water Works, so as to hold the same in complete order, subject to the provision of the contract, that if the works of the said Samuel A. Pearce should become temporarily disabled by accident or unforeseen event, he then may have the use of every part of the City Water Works in perfect and complete repair.　And this respondent prays that he may be hence dismissed and the rule against him be discharged.

And the said Samuel Hook, on his behalf, appeared to the said rule, and for answer thereto submitted the following return :

This respondent, Samuel W. Hook, Superintendent of the City Water Works, upon whom an order by His Honor Judge Carpenter has been served to show cause before him this morning, at ten

o'clock, why he should not be attached for contempt for refusing to obey the order of the Court, made and filed on the 7th February, instant, for return thereto, respectfully sets forth and replies as follows: 1. That no such order was ever served upon this respondent, and if he has violated any injunction of the Court he is wholly ignorant of it. 2. That he knows nothing about what has been done in this case, further than he was ordered by the Mayor of the city that if Mr. Pearce called upon respondent and demanded the water works of the city, that they must be surrendered to him, which this respondent did as soon as demanded. 3. If this respondent has in any other particular made default, so that he would be held as for a contempt, he has no knowledge of it, and as the rule to show cause has set out no act of this respondent, he is unable to make any further return. And this respondent prays that he may be hence dismissed, and that the rule against him may be discharged.

Upon the hearing of these returns, it having been brought to the attention of the Judge that the petition and the affidavit of T. L. Stark had just at that moment (as appellants appeared before His Honor,) been served upon them, the additional time of two hours was granted, in which it was required that additional returns be made to the causes of contempt assigned in the petition and supported by the affidavit of T. L. Stark; and at the expiration of two hours the said John Alexander appeared and made to the rule the following additional return:

John Alexander, respondent, on the above return, for further return, respectfully says:

I. That in explanation of Section four of his above return, he begs leave to refer to the additional return of Samuel W. Hook, which he has seen in full; that this respondent denies that he has ever received any demand from Samuel A. Pearce, or from any other person, for the key of the gates in the enclosure of the distributing reservoir, nor has there been any demand made on this respondent to open the said gates to the distributing reservoir.

II. That this respondent denies that he has in any way interfered with the rights of the said Samuel A. Pearce, or in any manner obstructed the order of this Honorable Court in this case; but, on the contrary, has earnestly endeavored to comply with the same, and, at the same time, to protect the rights of the city. That his

action in this behalf has been done entirely under the advice of his legal counsel.

And the said Samuel Hook also appeared and made the following additional return :

The respondent, Samuel W. Hook. for further return, respectfully says : 1. That since reading the petition and affidavit, which have now been served upon him, he for the first time understands what is the cause of the complaint against him. 2. That he never has been served with the injunction order in this case, nor did he even see it, and all that he has done has been in obedience to the order of the City Council and Mayor. That he did shut down the gates within the enclosure of the distributing reservoir, but that he did not know the object of the same. 3. That more than a month ago he was ordered by the Mayor to overhaul and repair one of the valves of the engine. That on yesterday Samuel A. Pearce came to the respondent and informed him that these water works now belonged to him, Pearce ; that respondent expressed assent, and asked Mr. Pearce whether he should not go on and put the valve in order. The said Samuel A. Pearce replied, " Yes, go ahead." That respondent accordingly did so with the approval of Mr. Pearce, the whole object being to put the engine in proper working trim.

Upon the hearing of these returns, the following affidavit of J. D. Evans was submitted on behalf of the said Samuel A. Pearce :

Personally came J. D. Evans before me, and made oath that, as Special Constable of the Sheriff of Richland County, he served personally upon his Honor the Mayor, John Alexander, a copy of the rule to show cause in the case filed on yesterday. The rule was so served at about 4 o'clock in the afternoon. The said Mayor remarked to this deponent at the time of such service, that unless his lawyers so advised him, he would not open the gates to the pipes ; that he has secured them down, and would go to jail before he would open them, unless his lawyers told him to do it. He said that Pearce would have to use the city pipes to the value of about forty thousand dollars, and that he would not allow it unless his counsel so advised.

The returns to the rule were heard on the 11th February, 1873, and on the 14th of the same month His Honor filed the following order:

On hearing the returns of John Alexander, Mayor of the city of Columbia, and Samuel Hook, Superintendent of the City Water Works, to the rule served upon them in this case, and argument thereon, it is *adjudged*—

That the returns are insufficient. That the said respondent, John Alexander, Mayor, by causing the gates of the pipes of the City Water Works to be closed, as alleged in the petition, and the said Samuel Hook, Superintendent, by closing the said gates, as alleged, are guilty of a violatioa of the order of injunction, entered in the above stated case, in that they thereby did interfere with and hinder the plaintiffs in the performance of their contract to supply the city of Columbia with water; and in that they did prevent the plaintiffs from access to the old water works.

That a fine of two hundred dollars be, and the same is hereby, imposed upon the said John Alexander for his misconduct; and that he do pay the costs and expenses of these proceedings, amounting to the sum of eighty-seven dollars and twenty-five cents, and that a fine of one hundred dollars be, and the same is hereby, imposed upon the said Samuel Hook for his misconduct.

And it is thereupon *ordered* that said plaintiffs have leave to issue execution against the said John Alexander, for the costs and expenses herein stated; that the Clerk of this Court do issue executions in the name of the State, at the relation of the said plaintiffs, against the said John Alexander and against the said Samuel Hook, for the fines hereby imposed upon them, respectively; and that the amount of said fines, when collected, be paid to the Clerk of this Court, to abide the further order of the Court.

Upon the suggestion of the defendant, by their counsel, that some order in regard to the possession of the keys, as desired by them, it is further ordered that the said keys of the water-pipe gates be delivered to S. A. Pearce, Jr., agent and clerk of the plaintiffs.

The respondents appealed, and gave notice of the following points of exception to the above order:

1. Because the rule served upon John Alexander and Samuel Hook, on the evening of one day, to shew cause at 10 o'clock A. M. on the next day, did not specify directly or indirectly any

matter wherein it was alleged they were liable as for a contempt in violating the injunction order of the Judge; and neither the affidavit nor the petition was served upon them in aid of the order whereby secondarily the charge against them as for a contempt might have been ascertained.

2. Because the petition and affidavit were never seen by either of the appellants until they were actually in the presence of His Honor the Judge at his Chambers, and then two hours only were allowed them to make a return of the facts charged against them in the petition and affidavit, and to prepare their defense, which time, it is submitted, put the parties to a disadvantage, and necessarily rendered their shewing and defense hasty and incomplete.

3. Because the said Samuel Hook had never been served with the injunction order, and had never read the same, or heard of its purpose, and was simply obeying instructions as Superintendent of the City Water Works, without any knowledge whatever that he was in any manner infringing any order of the Court or incurring censure as for a contempt.

4. Because the said John Alexander and Samuel Hook were not guilty of a violation of the said injunction order, but, on the contrary, obeyed the same; and to that end the injunction order is herewith submitted.

5. Because even if the injunction order had been technically violated, there was no wilful disobedience thereof; on the contrary, legal advice was sought as to the meaning of the said order, and if there was an innocent mistake, and not a contumacious disobedience of the order of the Court, there was nothing whereof a contempt could be predicated, and in such case the practice of the Court and the settled rule is to discharge the rule; under such circumstances to make the rule absolute is without authority.

6. Because while Courts of Equity and Courts exercising equity jurisdiction, and applying equitable remedies, have always enforced their decrees by attachment, and commitment if necessary, to compel obedience and enforce performance, there is no authority in South Carolina by which obedience to decrees in equity can be enforced by *fines* by the Judge, or by which such *fines* can be ordered to be collected in the name of the State at the relation of parties to the decree, or by any other means.

7. Because the order making an assessment of costs on a proceeding by rule to the amount of eighty-seven dollars and twenty-five cents (the same being charged as if upon an action) is without authority by any act directing costs, and should be set aside; and to this end the bill of costs is submitted.

*Tradewell, Pope & Haskell, Butler & Youmans,* for appellants.

*Melton & Clarke, Melton & Chamberlain,* contra.

Appellant's points and authorities: ·

The case divides itself, on the question of contempt, into two parts—

1. A contempt committed in the presence of the Court.

2. A contempt not in the presence, but a contempt in the opinion of the Court arising upon matters of constructions and conclusions drawn as in any other case.—Har. Ch., Contempt, 267, 274.

Upon the first point the law is clear. The Judge may fine or imprison.—*Vide* Act 1731, § 4, 283, S. L., 3; *Vide* Act 1811, Vol. V., S. L., 642, § 1.

In the first case the matter is appealable, but unless the action of the Court is so excessive as to be unconstitutional (as against excessive fines) the Court will be hard to interfere.—*Vide State* vs. *Hunt,* 3 Strob., 338.

But this is not our case.

In the second case suggested the Court will consider the *whole matter* in appeal as upon a special proceeding affecting a substantive right, and pronounce judgment.—*Ludlow* vs. *Knox,* 7 Ab., N. S., 412; 1 Van Sanford Eq., 636.

1. The first point we wish to make is that the fine imposed upon S. Hook was error.

To this point the authorities are full.—Kerr on Injunctions, 638, 625 and 644; Hilliard on Injunctions, (generally,) 158; 2 Dan. C. P., *p 707.

*Knowledge* to the party must come before a *contempt* can be predicated, and the authorities are to the same point.

2. The second point we wish to make is that there was no disobedience of the injunction order, and therefore no contempt by the Mayor of the city or any one else.

This will more fully appear by the prayer of the bill, the contract, and the injunction order, which are referred to here only to

the extent involved in the question of contempt, not at all as affecting the merits of the case which is not before the Court.

But suppose the appellant, Alexander, was *mistaken*; this at once puts the case beyond the region of *contempt*.

The authorities are full to this point.—Hilliard on Injunctions, 170.

There was no wilful disobedience of the injunction order.—Kerr on Injunctions, 641, 646.

3. But in this case if there had been disobedience to the injunction order of the Court, it was error to impose *a fine* upon the appellants.

The Court may *commit*, and this failing, it may *sequester*, but the Court cannot, upon its own volition, enforce its injunction order by fines.—Adams Eq., *p. 324 and 395; Bacon Abr. "Chancery," Letter C, 2 Vol.. 686, 687; 1 Daniel's C. P., 337, 350, 357; 2 Daniel's C. P., 412, *p. 709, 710, 711, *721, 22 note; Bouv. Inst., 4 Vol., 385, 516; 2 Sanders' Rep., 182; 3 P. Williams, 141; 1 Harrison's C., 241; Barlow's Eq., 40.

In the State of New York the Court has a right to enforce its injunction order by a fine not to exceed $250, and such further fine as upon evidence may appear to be the actual injury to the party.—1 Van S. Eq., Contempt; *Ludlow* vs. *Knox* (*supra*.)

Aug. 20, 1873.   The opinion of the Court was delivered by

WILLARD, A. J. This was an attachment for contempt against J. Alexander, Mayor of Columbia, and S. Hook, Superintendent of the City Water Works, for an alleged contempt in the violation of an injunction issued by the Circuit Court in the above entitled action, pending in that Court.   The parties appeared and answered to the alleged contempt, and a final order was made adjudging both parties defendant in such proceeding guilty of contempt, and imposing fines and costs upon them.

Both parties defendant have appealed from this final order, and the appeal presents several distinct questions that will be considered.

The first point of exception alleges that the rule to show cause " did not specify, directly or indirectly, any matter wherein it was alleged that they were liable as for a contempt in violating the injunction order of the Judge."   It was not necessary that the matters alleged as the ground of the charge of contempt should appear

on the face of the rule. The rule was mere process, and was sufficient, if it appeared that the proceeding was one within the jurisdiction of the Court. This exception also states that neither the affidavit nor the petition upon which the rule was founded was served upon the defendants, Alexander and Hook. A rule to show cause should always be accompanied by a copy of the affidavits and other papers on which it was founded. If the party who should make such service fails to do so, it is ground for the opposite party to apply for time and the service upon him of the papers on which the rule issued. Advantage cannot be taken of such an omission on appeal, as it is, at most, an irregularity not involving the merits or substantial rights of the party affected by it.—Code, § 11, Sub. 3, § 199.

The second exception relates to matters entirely within the discretion of the Circuit Court. It was due to the parties to have reasonable time to make their defense, and we are bound to assume that in matters of this sort full justice was done to them.

The third exception, namely, that Hook had never been served with the injunction order, appears to be well taken. He so alleges in his return to the rule, and no proof of service of the injunction as to him appears in the proceeding. As to him, therefore, the order of the Circuit Court should be set aside.

The fourth exception is not sustained as it regards the defendant, Alexander. The petition charged, on information and belief, that the gates connecting the works of the plaintiffs with the distributing reservoir were closed by the order of defendant, Alexander, after the injunction was granted. The averments of the petition were sufficiently distinct to put the defendant, Alexander, to his answer, whether the gates had been closed by his order after notice of the injunction order. In his return he fails to deny the facts charged in this respect, and, therefore, the charge stands confessed. The same rule, in this respect, should be applied to petitions and statements of the facts and grounds upon which relief is asked in a special proceeding that is applicable to formal pleadings; and by Section 191 of the Code all material allegations of the complaint not controverted by the answer are to be taken as true.

The proposition advanced by the fifth exception, if to be understood as clearing a party from the charge of contempt, where he has acted under the advice of counsel, is unsound. Such fact may be shown by way of mitigation alone.

The proposition set forth in the sixth exception, namely, that in this State the Circuit Court cannot enforce their authority by the imposition of fines, if not inconsistent with the nature of the authority exercised by the Courts, is at all events inconsistent with the provisions of the statute regulating the practice of the Circuit Court.—14 Stat., 136, § 1; Gen. Stat., 497, § 4.

The seventh exception is well taken. There is no authority conferred by the Code to tax as costs in a special proceeding the allowances as costs in an action. It appears on the record that this was done, and although the attention of the Circuit Judge does not appear to have been called to the point, yet, occurring in a final order, we are bound to notice it as an erroneous construction of the law governing costs.

The order contained in the concluding paragraph of this final order appealed from, and which directed the parties to deliver up certain keys, was not in conformity to the nature of the proceedings. No such order was contained in the original injunction order. Had it appeared that, subsequent to the service of the injunction order, the defendants had possessed themselves of the keys in question, in violation of that order, a compulsory restitution would have been appropriate. But we must conclude that at the service of the injunction the keys were in the possession of the defendants. It is not the province of a preliminary injunction to compel the transfer of property of any kind from one party to another. The party asking for an injunction is assumed to be in possession of the property in respect of which he demands protection, and all the injunction can require on the part of the opposite party is that he should forbear from interfering with that possession. He cannot be required to perform any act whatever. If the plaintiff cannot enjoy his rights without compelling the defendants to perform some act, he must wait until he has established them by his judgment.

It is ordered and adjudged that so much of the final order appealed from as adjudges the defendant, S. Hook, guilty of a contempt, and awards damages and costs against him, be reversed and set aside, and that the proceedings as against said defendant be dismissed. It is further ordered and adjudged that so much of said order as fixes the costs and expenses of the proceeding at the sum of eighty-seven dollars and twenty-five cents be vacated and set aside; and that so much of said order as directs " that the said

keys of the water pipe gates be delivered to S. Pearce, Jr., agent and clerk of the plaintiffs," be vacated and set aside, and that the case be remanded to the Circuit Court.

*Moses,* C. J., and *Wright,* A. J., concurred.