NEAL & KENNEDY Co. *v.* O. E. ELLIS et al.*

(*Knoxville.*   September Term, 1917.)

**CONSPIRACY.   Bulk sales law.   "Collusion."**

A bill charging defendants with conspiring to defeat the opera-
tion of the Bulk Sales Law (Acts 1901, chapter 133), and
thereby to obtain a preference in behalf of one defendant to the
exclusion and injury of complainant and all other creditors by
procurement of a civil warrant and proceedings relating
thereto in favor of one defendant and against the other stated
a cause of action, and charged a collusion; a "collusion" being
defined as a deceitful agreement, or compact between two or
more persons, for the one party to bring an action against the
other for some evil purpose so as to defraud a third person
of his rights; it is a secret understanding between two parties
who plead or proceed fraudulently against each other to the
prejudice of a third person, and in general may be defined as a
secret agreement and co-operation for a fraudulent purpose,
or as elsewhere defined an agreement between two or more
persons to defraud a person of his rights by the forms of law,
or to obtain an object forbidden by law.

1.   Acts cited and construed: Acts 1901, ch. 133.

FROM KNOX.

Appeal from the Chancery Court of Knox County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—
WILL D. WRIGHT, Chancellor.

* On remedy of creditors where sale of stock of goods is made
in violation of Bulk Sales Law, see notes in 39 L. R. A. (N. S.),
374; L. R. A. 1916B, 974.

A. C. GRIMM, for appellant.

BOWEN & ANDERSON, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case stands upon bill and demurrer. The chancellor sustained the demurrer and dismissed the bill and, on appeal to the court of civil appeals, his decree was affirmed. The case is now before us cn the writ of *certiorari.*

The bill alleged that the defendant Ellis, while indebted to insolvency, on or about the 24th day of August, 1916, colluded with his codefendant, Hazen, Trent & Harrell Company, for the purpose of evading the provisions of chapter 133 of the acts of 1901, entitled "An act to provide the terms upon which sales in bulk of stocks of merchandise, or of any portion thereof otherwise than in the ordinary course of trade, may be made;" that they procured a civil warrant to be issued in favor of Hazen, Trent & Harrell Company against Ellis, and had this warrant served upon Ellis, and a judgment rendered in favor of the said Hazen, Trent & Harrell Company for $301.70 and costs; that the two days' time within which to pray and perfect an appeal, or to stay the judgment, was waived; that an execution was issued upon this judgment and levied upon the stock of merchandise belonging to Ellis, with intent thereby to give a preference to his codefendant,

and with the purpose of hindering, delaying, and defrauding the other creditors of Ellis in the distribution of his assets, in violation of the act referred to; that by virtue of the agreement between the parties the stock of merchandise had been advertised for the 3d day of September, 1916, without the provisions of the act having been complied with in any way whatever. The bill further alleged that Ellis had fraudulently disposed, or was about to fraudulently dispose, of his property, and that his principal assets consisted of the small stock of merchandise, with a small lot of store fixtures, together with a few accounts of doubtful solvency. It was further alleged that Ellis was indebted to the complainant in an amount stated, and also to numerous other creditors in amounts stated, and it was asked that an injunction be granted to stay the sale, and that the bill be permitted to be filed as a general creditors' bill; also that an attachment be issued and levied on the stock and store fixtures, and that the property be sold for the payment of debts. ·

The demurrer filed wholly ignored the main point in the bill, which was the collusion charged.

Collusion is defined by Webster as:

"A deceitful agreement, or compact, between two or more persons for the one party to bring an action against the other for some evil purpose so as to defraud a third person of his rights; it is a secret understanding between two parties who plead or proceed fraudulently against each other to the prejudice of a

third person, and in general may be defined as a secret agreement and co-operation for a fraudulent purpose.''

The term is defined in Cyclopedic Law Dictionary as:

''An agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law.''

So the bill charged, in effect, that the two defendant's had formed a conspiracy to use the forms of law for the purpose of defeating the operation of the Bulk Sales' Law, and thereby to obtain a preference in behalf of one of the defendants to the exclusion and injury of the complainant and all other creditors. It is charged that this fraud was about to be consummated by the sale advertised.

We do not think there is any doubt that the bill states a good cause of action; hence the decree of the court of civil appeals is reversed, and the cause remanded to the chancery court of Knox county for further proceedings.