STATE *ex rel.* BOYD *v.* SCOTT.

(*Nashville,* December Term, 1940.)

Opinion filed December 23, 1940.

C. L. Boyd, District Attorney-General, of Waynesboro, and Paul F. Bumpus, Assistant District Attorney-General, of Columbia, for the State.

Hugh T. Shelton and Thos. H. Peebles, Sr., both of Columbia, for defendant.

Mr. Justice Cook delivered the opinion of the Court.

October 9, 1939, upon bill taken for confessed, a temporary injunction to enjoin the maintenance of a nuisance in operating a roadhouse in Lawrence County was made permanent. The premises were specifically described in the preliminary injunction as situated in the Fourteenth Civil District of Lawrence County and known as the Wigwam. When the injunction was made permanent by a subsequent order, it was recited that a temporary injunction had been issued and that defendant had not answered, and it was ordered that the temporary injunction be made permanent and that Jack Scott, among others, was enjoined from operating upon the premises described or elsewhere in this State a dance hall or roadhouse or place for immoral purposes or keeping, storing or otherwise dispensing intoxicating liquor. This final decree was entered October 9, 1939. On January 5th, the district attorney filed a petition asking a citation of defendant Jack Scott for contempt. It was charged that subsequent to the final decree the defendant Jack Scott had committed three specific acts of violating the liquor laws in Maury County, namely, by selling a pint of whiskey at his filling station at Mount Pleasant, and by possessing intoxicating liquor at his residence in Maury County, and that in doing these things he wilfully violated the injunction. The trial judge upon hearing

found Scott guilty as charged in his citation for contempt and imposed a fine and imprisonment. It was insisted upon the charge for contempt that the court was without jurisdiction over any acts committed by defendant in Maury County. Scott also by answer set up the defense that he had been acquitted of the charges made against him in Maury County and had not violated the criminal laws of the State. Appeal was prayed and granted from the judgment of the court overruling Scott's motion for new trial and motion in arrest of judgment.

The Court of Appeals was of the opinion that the Circuit Court of Lawrence County had no jurisdiction over the offenses alleged to have been committed in Maury County, and that it could not under a citation for contempt for violating the injunction issued against the Wigwam and transactions had there fine and imprison the defendant for the alleged offenses committed in Maury County. The Court of Appeals held that the motion in arrest of judgment should have been sustained on the ground that the court was without jurisdiction to try him in the Lawrence County proceeding.

In *Horne* v. *City of Buffalo*, 49 Hun, 76, 1 N. Y. S., 801, 802, it is said: "By the common law an action for a nuisance is regarded as local . . . and the venue is required to be laid in the county where the nuisance was situated." In *People* v. *St. Louis*, 10 Ill. (5 Gilman), 351, 352, 48 Am. Dec. 339, the venue under a bill to restrain a nuisance by injunction is in the jurisdiction in which the nuisance is located. *Ladew* v. *Tennessee Copper Co.*, C. C., 179 F., 245; 46 C. J., p. 817, note 70. When we come to consider our statute, Code section 9324 and others, it appears that location is an essential ingredient of the action and is associated with the offense. The statute declares that conducting, main-

taining or engaging in the sale of intoxicating liquor, the keeping or maintaining of a bawdy house or a gambling house in any building or structure, and all the means and supplies for the purpose of carrying on the unlawful business, shall constitute a nuisance abatable by injunction. It further provides that when the nuisance defined in this chapter exists the bill may be filed by the district attorney or by ten freeholders of the county against the person keeping or maintaining the nuisance and against those in control of the buildings where the nuisance exists, to have it abated by closing the buildings.

The bill in this case was filed in Lawrence County to enjoin the maintenance of a nuisance at the Wigwam in Lawrence County. All the defendants were alleged to be residents of that county. The relief sought was to restrain illegal conduct under the statute by defendants as residents of Lawrence County at the Wigwam located in Lawrence County. The defendants' conduct charged as violative of the injunction is shown to have been in Maury County. The relief granted in the injunction bill to enjoin the nuisance should be within the issues and in conformity with the prayer of the bill. By the judgment of the court, defendant was not only charged with contempt for an act done beyond the jurisdiction of the court and beyond the prayer for relief in the bill filed, but was charged with the commission of an independent offense violative of the criminal law. The chancery court would have no power in granting an injunction to restrain the nuisance alleged to exist in Lawrence County to make it restrain the party from engaging in criminal acts violating the criminal law in another county.

Writ denied.