METCALF *et al. v.* EASTMAN *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

JOHN W. LOCH, WILLIAM F. MURRAH and LARRY B. CRESON, all of Memphis, *amici curiae,* for appellant.

WINCHESTER & BEARMAN, of Memphis, for Lamar F. Graves.

Mʀ. Jᴜsᴛɪᴄᴇ Tᴏᴍʟɪɴsᴏɴ delivered the opinion of the Court.

An opinion discussing the particular facts of this case has been filed, but publication of that opinion is deemed unnecessary except upon two propositions of law. Hence, this separate opinion dealing alone with those questions of law is likewise filed, and for publication.

This was only a contempt case, insofar as there was an appeal from the decree of the Chancellor adjudging a lawyer in the case guilty of contempt of court in that he was guilty of an "abuse of, or unlawful interference with, the process or proceedings of the court"; Code, Section 10119 (4). There was no appeal from the decision of the main controversy during the course of which the contempt was committed. That fact is to be kept in mind.

It is suggested by the three attorneys who by order have served as *amici curiae* that the jurisdiction on the appeal of this case is in the Court of Appeals.

Had there been an appeal from the decision of the main controversy the jurisdiction on that appeal would control the jurisdiction on the incidental matter of contempt arising during the course of litigation of the main controversy. *Graham* v. *Williamson*, 128 Tenn. 720, 164 S. W. 781; *Schoolfield* v. *Darwin, Judge*, 182 Tenn. 192, 185 S. W. (2d) 509. However, in the instant case, as above noted, there was no appeal from the decision of the main controversy, the appeal being only by the lawyer

adjudged in contempt, and being only from the decree adjudging him guilty of contempt. In that situation the appeal is to this Court in contempt proceedings since those proceedings are in their nature criminal. *Collier* v. *City of Memphis*, 160 Tenn. 500, 26 S. W. (2d) 152.

■ One assignment of error is directed to the proposition that the punishment inflicted in this case is excessive. The contempt in question is that the lawyer involved counseled, advised and encouraged the violation of the injunction which had been issued by order of the Chancellor. If the punishment be excessive in such a case this Court on appeal has jurisdiction to revise the action of the Chancery Court. *Hundhausen* v. *U. S. Marine Fire Ins. Co.*, 52 Tenn 702.

All concur.