WILLIAM BRUCE BOWDON *v.* MARY KEENER BOWDON.

(*Jackson,* April Term, 1955.)

Opinion filed April 7, 1955.

Jim C. Galloway and Ike R. Clinton, both of Memphis, for plaintiff in error.

Harry W. Laughlin, Jr., of Memphis, amicus curiæ.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant, William Bruce Bowdon, after a full hearing before the Chancellor, was adjudged in contempt of court and maximum punishment of a sentence of $50 and 10 days in jail imposed.

The conviction for criminal contempt arose out of a divorce suit in which the wife Mary Keener Bowdon was complainant and William Bruce Bowdon was defendant.

It appears that complainant and defendant as husband and wife resided in Coldwater, Mississippi, for a period of ten years next before filing suit for divorce by complainant, but they had relatives in Memphis, owned property there and frequently visited this city.

After some misunderstandings the parties came to Memphis, and went to a law office there and advised with an attorney that lived in Memphis, and then proceeded to give him the facts set forth in a petition for divorce. This attorney advised them that it was necessary for them to have two witnesses to corroborate the facts set forth in the petition for divorce.

The complainant later came back to this office and signed the bill for divorce, which stated that the parties were residents of Memphis, Shelby County.

This bill was filed in the Chancery Court at Memphis and an answer was filed by the defendant neither admitting nor denying the charges made in the bill. Apparently, the complainant, Mrs. Bowdon, later realized what she had done by misrepresenting the residences of the parties and appeared in the Chancery Court and withdrew her bill for divorce, thereupon the Chancellor hearing of this action heard the testimony of complainant in which she stated that neither she nor the defendant were residents of Memphis, but were residents of the State of Mississippi. She also testified that the defendant actively participated and urged and aided her in the execution of the affidavit for her bill for divorce.

Following this the Chancellor ordered the complainant and defendant and their attorneys of the City of Memphis, alleged to have been connected with the transaction, to appear and show cause why they should not be adjudged in contempt of court.

Upon the hearing of this cause the transcript of the testimony of the original complainant, Mrs. Bowdon, was considered and received by the court as evidence against the defendant, but it appears that neither the defendant nor his attorney was present at the time said

testimony was given by Mrs. Bowdon on July 1, 1954. It seems that Mrs. Bowdon did not testify at the trial of the defendant upon the order to show cause why he should not be adjudged in contempt of court. However, the Chancellor stated that Mrs. Bowdon was present and that defendant could examine her under oath if he so desired. The defendant did not cross-examine the complainant.

The defendant testified at the trial on the show cause order and denied that he was guilty of any of the matters, things and offenses charged in the show cause order. And the other defendant attorneys in Memphis testified in their own defense. Following this the decree adjudging the defendant in contempt of court was pronounced by the Chancellor.

It is first contended by the defendant that the evidence preponderates against the decree of the Chancellor. Second, that the court was in error in reading and considering the testimony given by the complainant at a hearing had by the Chancellor where the defendant was not present, and was not notified of the hearing and not given an opportunity to cross-examine and be confronted by his witnesses.

The first testimony that was taken down in writing of the complainant was the basis of the show cause order for contempt.

We find that the preponderance of the evidence on the contempt charges shows that the defendant husband was guilty of contempt of court, and we are of the opinion that in this class of cases the Chancellor was fully justified in considering the testimony of Mrs. Bowdon as a basis for the show cause order.

These contempt proceedings are sui generis— neither a civil action nor a criminal prosecution as ordi-

narily understood, nor a criminal prosecution within the Sixth Amendment of the United States Constitution.

██ The nature of the inquiry in this class of proceedings, however, should admit of no strict or technical rulings against the accused, but the freest opportunity should always be given him to produce his defense. Affidavits are commonly admissible in evidence in the hearing to determine the fact of a contempt. *Hotaling* v. *Superior Court,* 191 Cal. 501, 217 P. 73, 29 A. L. R. 127; *Warner* v. *Martin,* 124 Ga. 387, 52 S. E. 446.

In addition to affidavits the original papers and the petition on which an attachment is granted, the testimony of the accused adduced by interrogatories, and evidence taken in other proceedings are also admissible. In general see 12 Am. Jur. ''Contempt'' Section 74, page 441.

█ We think that the record, excluding the testimony of complainant, sustains the Chancellor's finding that this defendant and complainant entered into a plan or conspiracy to fraudulently invoke the jurisdiction of the court for the purpose of obtaining a divorce, and that he purposely attempted to use the court unlawfully.

█ The admission of improper evidence in a proceeding to punish for contempt of court is not of itself ground for reversal; the appellate court will merely reject it and proceed to decide the case as if it were not in the record. *Sinclair* v. *United States,* 279 U. S. 749, 49 S. Ct. 471, 73 L. Ed. 938; 12 Amer. Jur. Sec. 74, p. 441.

█ When the Chancellor gave the defendant the right to meet complainant face to face when the court offered to put this witness on the stand and permit defendant to cross-examine her this satisfied the requirements of the law.

There is no doubt under the proof of that complainant and defendant conspired together and had an agreement for the fraudulent purpose of obtaining a divorce. *Neal & Kennedy* v. *Ellis*, 138 Tenn. 216, 197 S. W. 489.

We have considered all of the assignments of error which we find without merit and the judgment of the lower court is affirmed.