J. E. HOOPER

*v.*

STATE OF TENNESSEE ex rel. HARRY G. NICHOL.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Rehearing Denied May 1, 1959.

THOMAS E. Fox, Assistant Attorney General, for plaintiff in error.

HARRY S. LESTER, DAN GARFINKLE, Nashville, for defendant in error.

B. B. GULLETT, Nashville, special counsel for State Dental Association.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant below was found to be in contempt of court and was sentenced to serve ten days in jail and to pay a fine of $50. He had already been indicted for practicing dentistry without a license.

The defendant insists that the judgment was for a violation of a void decree and that the criminal court had no jurisdiction and that the acts of the defendant in contempt of court order were committed in Putnam County.

An order was entered on September 23, 1957, restraining the defendant from the practice of dentistry in this

State as defined by Section 63-537, T.C.A., without a license.

■ The proof shows that the defendant violated this injunction by practicing dentistry in Davidson County. Therefore the case of *State ex rel. Boyd v. Scott,* 176 Tenn. 662, 145 S.W.2d 765, has no application.

The State proceeded under Section 23-313, T.C.A., which declares that the practice of a profession prohibited by law unless the person engaging in such profession holds a license issued by some Board, or other authority organized under the laws of this State, shall be a public nuisance. The preceding section of the Code authorizes the imposition of punishment by confinement to the county jail or workhouse for a period of from 30 to 60 days and a fine up to $50. Another section in this Chapter provides that the Chancery, Circuit, or Criminal courts have jurisdiction with respect to such nuisances.

■ The Sections of the Code clearly give the criminal court jurisdiction in such matters and the contempt is criminal rather than civil. The injunction issued restrained the defendant from the commission of a criminal offense and is analogous to the violation of the liquor, or gambling statutes.

The injunction issues in furtherance of the enforcement of the criminal laws.

Mention has been made of the case of *O'Brien v. State ex rel, Bibb,* 26 Tenn. App. 270, 170 S.W.2d 931, in which the defendant was convicted on a charge of having violated an injunction enjoining him from engaging in the sale of intoxicating liquors at the place described in the petition. This is a well-reasoned opinion defining the

difference between civil and criminal contempts and setting out the quantum of proof required in the prospective proceedings. There it was held that O'Brien was guilty of a criminal contempt and that the State had shown him to be guilty beyond a reasonable doubt.

It is very evident that the question of jurisdiction of the Court of Appeals in that case was no questioned. Had it been, the case should have been transferred to this Court as it was a criminal contempt.

In 17 C.J.S. Contempt sec. 5, p. 7 *et seq.*, it is said:

"The line of demarcation between acts constituting criminal and those constituting civil contempts is very indistinct. The confusion in attempts to classify civil and criminal contempts is due to the fact that there are contempts in which both elements appear. In general, contempts of court for which punishment is inflicted for the primary purpose of vindicating public authority are denominated criminal, while those in which the enforcement of civil rights and remedies is the ultimate object of the punishment are denominated civil contempts; whether or not a fine or imprisonment is imposed is not a distinguishing test."

■ It has been insisted that the judgment of conviction in the misdemeanor case is a void judgment. This is an erroneous view. Conceding that the judgment below is reversed still the contempt proceedings are proper and valid and the judgment voidable only. See *Churchwell v. Callens*, 36 Tenn.App. 119, 252 S.W.2d 131; also *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492.

We think the Criminal Court had jurisdiction in this case and that the evidence shows that the defendant violated the injunction. Affirmed.