JAMES H. ROBINSON

*v.*

AIR DRAULICS ENGINEERING COMPANY, INC., et al.

377 S.W.2d 908

(*Jackson*, April Term, 1963.)

Opinion filed March 5, 1964.

Petition for Rehearing Denied April 8, 1964.

John S. Porter, James M. Manire, Memphis, for Herman E. Taylor.

Robert L. Dobbs, Memphis, for Andrew M. Haase.

Dunlap Cannon, Jr., Memphis, amicus curiae.

Mr. Justice White delivered the opinion of the Court.

Herman E. Taylor, a member of the bar practicing at Memphis, and Andrew M. Haase were fined $50.00 and sentenced to serve ten days each in the Shelby County Jail as the result of their conduct in matters occurring before, and especially occurring after, the commencement of this suit by Robinson against the named defendants. Robinson was also cited for contempt but upon the hearing the chancellor dismissed the charge against him.

There was no appeal from the action of the chancellor in denying the relief sought in the original bill, which was that the defendants be compelled by injunctive process to specifically perform an alleged contract between Robinson and the defendants.

We deem it unnecessary to publish our opinion detailing the facts involved in the main controversy though it

has been filed. Instead, this separate opinion dealing only with the matters on appeal, the contempt convictions, is hereby filed for publication.

The chancellor cited Mr. Taylor and Mr. Haase for willful misbehavior in the presence of the court or so near thereto as to obstruct the administration of justice and for their unlawful interference with the process and proceedings of the court, and, in addition, Mr. Taylor was charged with willful misbehavior of an officer of the court in his official transactions with the court.

Mr. Taylor contends that the actions taken by him resulted from his mistaken belief that Robinson had the right and the obligation to bring the suit in his own name. He now admits that he was mistaken in this view, but contends that it was an honest mistake growing out of his misinterpretation of the law. Assuming this to be true, we still must agree with the chancellor when he said that Mr. Taylor concealed from the court the fact that Mr. Haase had any interest whatsoever in the cause as originally filed, and further concealed from the court the fact that Mr. Robinson had no interest in the cause at the time the bill was filed.

Mr. Taylor, in his opening statement on application for a temporary injunction, said that at the time the bill was filed Mr. Robinson, the complainant, was a stockholder of Air Draulics Corporation. However, when the chancellor called Mr. Taylor's attention to the answer of the defendants to the effect that "the complainant Robinson does not in fact own any stock in the defendant Air Draulics Corporation, but has sold all of his stock to Andrew Murrel Haase", he, Mr. Taylor, said: "We say that that is true, sir. We say that he does not own the

stock in the company, but that he did not sell it to Mr Haase.'' This was not a correct statement.

Upon being questioned further, Mr. Taylor indicated that he was only slightly familiar with the sale of the stock, but it later developed that the sale was his idea and he prepared the necessary papers in connection therewith transferring the stock to himself and his wife for the undisclosed benefit of Haase. He admitted that the sale of the stock occurred some ten days before the bill he prepared on behalf of Mr. Robinson was filed in court. He also testified that Mr. Haase was familiar with all of the allegations of the bill before it was filed and that he, Haase, was, in fact, in the Courthouse with him when the temporary restraining order was being sought and obtained. He was also in the Courtroom at the time the application for a temporary injunction was heard.

The chancellor in his final decree found that Mr. Taylor stated to him, when application for temporary injunction was sought, that Robinson on the date that he filed the bill was the owner of 5,000 shares of stock in the corporation and that this was not a true statement and he held that while the respondent Haase was not a party-litigant and did not appear as a witness, he was, however, present at all times and a party in interest.

The defense of Haase is that he in good faith obtained the services of competent counsel in connection with any interest that he had in the cause and acted on his advice. He admits in his answer that he signed the cost bond and that though he had an interest in the outcome of the litigation, he filed no pleadings before the court in his own name nor did he make any written or oral representations to the court in connection therewith. Mr. Haase did not

testify and his defense is that he acted upon advice of counsel, Mr. Taylor, through the proceedings.

The position taken by Haase that he had the right to rely upon counsel with immunity is erroneous for the reasons set out in the case of *Churchwell v. Callens,* 36 Tenn.App. 119, 252 S.W.2d 131, in which it was held that the advice of counsel is no excuse for failure to obey an order of the court, but may be considered in mitigation of the offense if deemed in good faith.

In Volume III, Wharton's Criminal Law and Procedure, Section 1363, it is provided:

"* * * the fact that the contemnor was acting on advice of counsel is not a defense, but such fact may be considered in mitigation of the offense or punishment."

See *State ex rel. Porter v. First Judicial Dist.,* 123 Mont. 447, 215 P.2d 279.

In the case of *Smith v. State,* 46 Tex.Cr.R. 267, 81 S.W. 936, 108 Am.St.Rep. 991, it is stated that:

"(I)ndependent of authority, the proposition is sound that appellant cannot set up immunity from punishment by reason of advice of counsel, since such holding would be placing the advice of the attorney above the law."

■ This statement is supported in reason and by abundant authority throughout the country. The question then is whether or not criminal contempt may be committed with immunity upon advice of counsel as contended for here. There is ample authority for holding that this may not be done.

Contempt of court is not justified or excused by reason of fact that party acted on advice of counsel. *Smith v.*

*Goode,* 29 Ga. 185 (1859) ; *Cape May & S. R. L. R. Co. v. Johnson,* 35 N.J.Eq. 422 (1882) ; *Capet v. Parker,* 3 Sandf. (N.Y.) 662 (1847); *Green v. Griffin,* 95 N.C. 50 (1886); *Myers v. State,* 46 Ohio St. 473, 22 N.E. 43, 15 Am.St.Rep. 638 (1889) ; *Columbia Water Power Co. v. Columbia,* 4 S.C. 388 (1873).

In a book on the general subject of Contempt, published in 1939, the author, Dangel, says at Section 401:

"The advice of an attorney to his client, to repossess herself of premises by force against a bailiff who had dispossessed her, affords no legal justification for her interference with the process of the court. Advice of an attorney at law is no justification for a direct contempt. The fact that before publication the professional opinion of a reputable attorney at law was given that the publication would not be contempt, does not change the character of the defamatory article, or relieve the defendant of liability for its origin and dissemination."

By T.C.A. sec. 23-902 the power of the courts to punish for contempt—

"shall not be construed to extend to any except the following cases:

"(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.

"(2) The willful misbehavior of any of the officers of said courts, in their official transactions.

\*     \*     \*     \*     \*     \*

"(4) Abuse of, or unlawful interference with, the process or proceedings of the court."

■ While the power to punish for contempt may and should be used in an appropriate case, it should not be used unless the case clearly calls for its exercise. The power should be exercised only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice.

■ The matter of determining and dealing with contempts is within the court's sound discretion, subject to the absolute provisions of the law and its determination is final unless there is plain abuse of discretion. 17 C.J.S. Contempt sec. 57, page 131.

■ Criminal contempt actions are those to preserve the power and vindicate the dignity of the court while civil contempt actions are those brought to enforce private rights. *Nashville Corp. v. United Steelworkers of America,* 187 Tenn. 444, 215 S.W.2d 818 (1948); *Hooper v. State ex rel. Nichol,* 205 Tenn. 134, 325 S.W.2d 565 (1959). As such, these cases are properly brought to this Court on appeal.

■ In the trial of a criminal contempt case, the defendant is presumed to be innocent until he is found guilty beyond a reasonable doubt. *Nashville Corp. v. United Steelworkers of America, supra.* But once the defendant is found guilty and the case is appealed, he is burdened with the presumption of guilt, and in order to obtain a reversal, he must overturn this presumption by showing that the evidence preponderates in favor of his innocence. *Nashville Corp. v. United Steelworkers of America,* supra.

The respondent Taylor argues that in bringing the case in the name of Robinson he was acting in accord with accepted procedure as set out in Section 123, Gibson's

Suits in Chancery (5th ed.), which states generally that an assignee, *pendente lite,* need not be made a party to a bill or brought before the court, for every person, purchasing *pendente lite* is treated as a purchaser with notice, and is subject to all the equities of the persons under whom he claims in privity. And it will make no difference whether the assignee, *pendente lite,* be the claimant of a legal or equitable interest, etc.

Mr. Taylor says that he understood from this Section that upon the issuance of the stock to Garrett, resulting in a breach of his contract with the corporation, that Robinson had a right then and there, a *pending* right, to commence an action. He further contends that the sale of his stock, together with an assignment of his rights under the original contract with the corporation, did not deprive Robinson of the authority and obligation to bring this *pending* right by bill in Chancery. He now admits that he was mistaken in this view, but contends that it was an honest mistake growing out of a lack of proper understanding of the law.

In defense he relies upon sec. 25 of 17 C.J.S., Contempt, page 69, which reads:

"A mere mistaken act by counsel cannot render him in contempt of court. Actions taken by counsel during the course of the trial under a mistaken view of the law do not of themselves constitute contempt of court, and an attorney may not be punished for contempt of court because he is honestly mistaken in his interpretation of the law where he presents his mistaken views to the court in a proper and respectful manner."

The interpretation placed upon Section 123, Gibson's Suits in Chancery (5th ed.) by counsel becomes immate-

rial insofar as his case is concerned because his contempt in the main grows out of statements made in open court, and to the court in Chambers, with reference to the ownership of the stock in question on the date that the bill was filed as set out hereinabove.

■ It is hardly necessary to say that attorneys are officers of the court. It is well known that they exercise the utmost good faith in the discharge of their duties to the court. See *Henley v. State,* 98 Tenn. 665, 41 S.W. 352, 1104, 39 L.R.A. 126 (1897); *Cooper & Keys v. Bell,* 127 Tenn. 142, 153 S.W. 844 (1912), and many other cases.

The duties of the court and of the bar to each other are set out in some detail in Section 1215, et seq., Gibson's Suits in Chancery (5th ed.), and the failure to appreciate and discharge these duties would result, of course, in an eventual degrading and disrespect for the profession and the judicial system.

■ The nature of the inquiry in a contempt proceeding should admit of no strict or technical rulings against the accused, but the freest opportunity should always be given him to produce his defense. *Bowdon v. Bowdon,* 198 Tenn. 143, 278 S.W.2d 670 (1955).

■ The defense of Haase rests entirely upon his sworn answer that he acted in good faith and further that he acted upon the advise of his then counsel, Mr. Herman E. Taylor. As we have indicated above, this is not a bar to punishment for contempt, but it seems to us that since Mr. Taylor testified that he did advise and counsel with Mr. Haase that this should be considered in mitigation of the punishment of Haase under the facts in this case.

40

■ It was held in the case of *Hundhausen v. U. S. Marine Fire Ins. Co.*, 52 Tenn. 702 (1871), that if the punishment seems to be excessive this Court on appeal has jurisdiction to revise and reduce the sentence. To the same effect is the more recent case of *Metcalf v. Eastman*, 190 Tenn. 206, 228 S.W.2d 490 (1950), and *Thompson v. State*, 192 Tenn. 298, 241 S.W.2d 404 (1951).

In view of the fact that Haase acted on advice of counsel we believe he should not be required to serve a jail sentence, but that a fine of $50.00 would be sufficient punishment in his case.

Conscientious, sincere and persuasive counsel have appealed to this Court to find Mr. Taylor not guilty of the charges of contempt lodged against him. In aid of this argument they contend that he acted in ignorance of the law and not in willful contempt of the court. However, for the reasons set out in this opinion we are compelled to overrule all of his assignments of error and affirm the chancellor.

■ The brief filed on his behalf setting forth his age, his limited number of years of practice, his responsibilities as a husband and a father, and his physical condition appeals to the natural sympathies of any court, but we are not prepared to rule that the chancellor abused his discretion in holding him guilty of contempt of court. But if he, upon reflection, is of the opinion that the sentence is harsh, he has the authority to revise and reduce the same or place Mr. Taylor on probation. This is a matter solely within his discretion in this case.

This case, as modified, is remanded for the entry of such further orders as the chancellor may think wise and proper not inconsistent with this opinion.

The costs of this appeal will be divided equally between the petitioners.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.

## On Petition to Rehear

MR. JUSTICE WHITE.

Herman E. Taylor, acting as his own counsel, has filed what we construe to be an earnest and sincere petition to rehear. It is founded, however, on the erroneous premise that our original opinion was based upon his conduct in bringing an action in the name of Robinson when Robinson, prior thereto, had sold his stock in the defendant corporation and assigned his rights under the contract in question. We said in our original opinion that the petitioner's contempt in the main grows out of statements made in open court, and to the court in chambers, with reference to the ownership of the stock in question on the date that the bill was filed.

We have read with care and sympathy the petition to rehear, but we find nothing therein which was not fully considered by us in the preparation of our original opinion.

The petition to rehear is denied.