# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE
_____

|  |  |  |
|---|---|---|
| **GREGORY DEULEY NANCE,** | ) | Davidson County Circuit Court |
|  | ) | No. 93D-19 |
| Petitioner/Counter-Respondent/Appellee | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 01A01-9611-CV-00515 |
|  | ) |  |
| **ANGELA MILLIKEN NANCE,** | ) |  |
|  | ) |  |
| Respondent/Counter-Petitioner/ | ) |  |
| Appellant. | ) |  |
|  | ) |  |

**FILED**

**May 14, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

From the Circuit Court of Davidson County at Nashville.
**Honorable Muriel Robinson, Judge**

**Kvin S. Terry**, Nashville, Tennessee
Attorney for Respondent/Counter-Petitioner/Appellant.


**John J. Hollins, Jr.**,
HOLLINS, WAGSTER & YARBROUGH, P.C., Nashville, Tennessee
Attorney for Petitioner/Counter-Respondent/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**LILLARD, J.** : (Concurs)

Angela Milliken Nance (Wife) and Gregory Deuley Nance (Husband) were divorced in 1993. Wife was awarded custody of the parties' minor daughter and Husband was awarded visitation. He filed a petition seeking to hold Wife in contempt for her willful failure and refusal to honor the visitation awarded him. She petitioned the court to find Husband in contempt for "failing to exercise visitation as required by the Final Decree" and for failure to pay child support as directed.

Following a hearing, the trial court found Husband to be technically in contempt of the court's order to pay child support but noted that he was current on all child support payments. The trial court found Wife in willful contempt and sentenced her to two (2) days in jail. Subsequent to the entry of order finding Wife to be in willful contempt, Wife filed a motion to suspend sentence. The sole issue presented by Wife on appeal is "[w]hether the trial court improperly denied Appellant's petition for suspended sentence without a hearing on the issue."

The order of the trial court denying the motion begins by stating "this cause came on to be heard on the 10th day of May, 1996, upon Angela Nance's motion to suspend sentence. This Court is of the opinion that said motion is not well taken and is therefore denied." We presume from the trial court's order that a hearing was held. We discern from the arguments in Appellant's brief that her complaint is that the trial court erred in refusing to hear evidence at the hearing on the motion for a suspended sentence.

The trial judge has authority to revise, modify or suspend a sentence for contempt within his or her discretion. *Robinson v. Air Draulics Engineering Co.*, 377 S.W.2d 908, 913 (Tenn. 1964). Rule 43.02 T.R.C.P. provides that when a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions. We find nothing in the record before us which establishes that the trial court refused to hear evidence at the hearing on Wife's motion to suspend sentence. However, the term "may" in Rule 43.02 suggests it is in the court's discretion. In order for this Court to determine whether that discretion was abused, it would be necessary for us to examine the evidence sought to have been presented. Appellate review of the trial court's action is to determine whether or not there was an abuse of that discretion. In order for an appellate court to review a record of excluded evidence, it is fundamental that such

evidence be placed in the record in some manner.  When that evidence consists of oral testimony it is essential that a proper offer of proof be made in order that the appellate court can determine whether or not exclusion was reversible.  *State v. Goad*, 707 S.W.2d 846, 852-853 (Tenn. 1986).

Tenn. R. Evid. 103(a)(2) provides as follows:

> (a)  **Effect of Erroneous Ruling**.  Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> . . . .
>
> (2) *Offer of Proof*.  In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

This Court was faced with a similar issue in *Embry v. Chimenti*, No. 02A01-9305-CV-00116, 1994 WL 81221 (Tenn. App. Mar. 16, 1994), wherein the plaintiff alleged that the trial court erred in failing to allow him the opportunity to present evidence to support his motion for recusal.  This Court noted that the motion was accompanied by copies of two letters and two affidavits.  Finding no indication in the record as to what evidence would have been proffered by plaintiff and no indication of an offer of proof, this issue was found to be without merit.  No offer of proof is in the record before us in the instant case.

It results that the judgment of the trial court is affirmed.  The costs of this appeal are taxed to the appellant, for which execution may issue if necessary.

        _____

        FARMER, J.

_____

CRAWFORD, P.J., W.S. (Concurs)

_____

LILLARD, J. (Concurs)