IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2001 Session

## HOWARD ZOLDESSY v. INGRID DAVIS, ET AL.

**Appeal from the Chancery Court for Anderson County**
**No. 98CH6737      William E. Lantrip, Chancellor**

### FILED OCTOBER 31, 2001

### No. E2000-02526-COA-R3-CV

Upon the application of Howard Zoldessy, a temporary injunction was issued by the trial court against the defendants, Ingrid Davis and Arthur Davis. The Davises are the parents of Zoldessy's deceased wife and the grandparents of Zoldessy's daughter, Rachel. The injunction in question prohibits the defendants "from coming about [Howard Zoldessy] and his daughter, Rachel Zoldessy, or contacting him in any manner whatsoever." Following a bench trial, the trial court found that both defendants had committed willful criminal contempt by "coming about [Zoldessy's] residence on October 4, 1999." Each defendant was sentenced to 48 hours imprisonment for their contempt. Mr. Davis was also found in contempt for sending letters to Zoldessy and was sentenced to an additional term of imprisonment of 48 hours. The defendants appeal the trial court's findings of contempt, as well as the sentences imposed. We affirm the finding of contempt as to the letters sent to Zoldessy; however, we reverse the finding of contempt for the defendants' purported "coming about" Zoldessy and his daughter.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part; Reversed in Part; Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Vivian L. Crandall, Oak Ridge, Tennessee, for the appellants, Ingrid Davis and Arthur Davis.

David L. Valone, Knoxville, Tennessee, for the appellee, Howard Zoldessy.

**OPINION**

I.

In this appeal, we are asked to review the trial court's findings of willful criminal contempt against the defendants, Ingrid Davis and Arthur Davis. On appeal, the defendants are "burdened with the presumption of guilt, and in order to obtain a reversal, [they] must overturn this presumption

by showing that the evidence preponderates in favor of [their] innocence." ***Robinson v. Air Draulics Eng'g Co.,*** 214 Tenn. 30, 37, 377 S.W.2d 908, 912 (1964).

At the outset, the defendants contend that the trial court's findings of contempt are erroneous because, according to their argument, the record does not indicate that the injunction was issued or that a copy was ever served upon them. We find otherwise. The record on appeal indicates that it was supplemented *by the agreement of the parties* to include the following documents: (1) the temporary injunction, which was issued on August 26, 1998; (2) a letter from the Secretary of State indicating that the defendants were served through his office on September 5, 1998[1]; and (3) a return receipt signed by Mr. Davis on September 5, 1998. Clearly, the record *as supplemented* reflects that an injunction was properly issued and served. Their argument to the contrary is without merit.

While the defendants admit that they drove through the grounds of the apartment complex in which Zoldessy and his daughter Rachel lived, they argue that their conduct does not violate the injunction and therefore cannot serve as a basis for a finding of contempt. We agree. Mr. Davis testified by deposition that when he drove by Zoldessy's residence to see if Zoldessy was home, he "found nothing, except looking at the apartment, the blinds were drawn." Mr. Davis testified that he did not see Zoldessy's car in the parking lot of the complex. While this evidence establishes beyond doubt that the defendants drove through the grounds of the apartment complex on the day in question, one critical element is missing: there is no proof in the record that Zoldessy or his daughter were home at the time the defendants drove through the vehicle passageways of the complex. Without proof to establish that Zoldessy or his daughter were present when the defendants drove by, there is nothing in this record upon which to base a finding that the defendants "[came] about the petitioner and his daughter."[2] Accordingly, we reverse the trial court's finding of contempt for this conduct.

While not seriously disputing that sending letters to Zoldessy would violate the conduct prohibited by the injunction, Mr. Davis argues that he should not have been incarcerated for 48 hours for his conduct, because, so the argument goes, the letters were merely emotional pleas for contact with his granddaughter and were not threatening. Whether or not the letters sent by Mr. Davis were threatening in nature, however, is not the issue. The language of the injunction is clear: the defendants are prohibited from "contacting [Zoldessy] in *any manner whatsoever.*" (Emphasis added). Mr. Davis violated the injunction when he contacted Zoldessy in writing. What he attempted to convey in those letters is, for our purposes, of no consequence.

---

[1] The defendants reside in Boca Raton, Florida.

[2] Zoldessy argues that his in-laws should be punished because they "intended" to violate the injunction. Intent is only "half of the equation"; there must also be conduct proscribed by the exact language of the injunction. *See **Harris v. Corley**,* C/A No. 01A01-9012-CH-00446, 1991 WL 66708, at *4 (Tenn. Ct. App. M.S., filed May 1, 1991) (citing 43A C.J.S. *Injunctions* § 243, p. 537) (holding that where disobedience of an injunction is punishable as a penal offense, the injunction should be strictly construed in favor of the person alleged to have violated it). In the instant case, the Davises did not engage in the conduct forbidden by the injunction.

The trial court imposed a sentence of 48 hours in jail as punishment for Mr. Davis' contempt. We will not disturb this ruling. "Appellate courts are loathe to interfere or modify the punishment imposed in contempt proceedings because such determinations lie within the sound discretion of the court." *Herrera v. Herrera,* 944 S.W.2d 379, 393 (Tenn. Ct. App. 1996). By statute, a court may impose a fine or imprisonment up to ten days as punishment for contempt. *See* T.C.A. § 29-9-103 (2000). Upon reviewing the record, we cannot say that the trial court abused its discretion in sentencing Mr. Davis to 48 hours in jail for sending letters to Zoldessy.

II.

The judgment of the trial court finding Ingrid Davis and Arthur Davis in willful criminal contempt for "coming about" the plaintiff and sentencing each to 48 hours in jail is reversed. Both the finding of contempt as to Mr. Davis for "contacting" the plaintiff through letters and the sentence of 48 hours imposed for this contempt are affirmed. This case is remanded for enforcement of the trial court's judgment with respect to the latter sentence and for collection of costs assessed below, all pursuant to applicable law. Exercising our discretion, costs on appeal are taxed against the appellant, Arthur Davis.

_____
CHARLES D. SUSANO, JR., JUDGE