IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 5, 2002 Session

# COOPER MANAGEMENT, LLC v. PERFORMA ENTERTAINMENT, INC., a/k/a PERFORMA ENTERTAINMENT REAL ESTATE, INC.

Direct Appeal from the Chancery Court for Shelby County
No. 99-0612-2; The Honorable Robert Lanier, Judge, by Interchange

_____

No. W2001-01134-COA-R3-CV - Filed August 15, 2002

_____

This appeal involves a chancery court's decision to hold an enjoined party in both civil and criminal contempt for failing to abide by an injunction. The injunction required the enjoined party to remove a tent structure from certain property within a reasonable time. The enjoined party was also ordered to refrain from placing further encroachments on the property. Following a petition for contempt, the court found that the enjoined party had failed to remove the tent structure within a reasonable time and had, instead, placed more items on the property. Accordingly, the court found the enjoined party in civil and criminal contempt. Under the civil contempt charge, the enjoined party was sentenced to jail until he complied with the court's order. For the criminal contempt charge, the court ordered the party to serve seven days in jail. Five days into the enjoined party's sentence, he complied with the court's order and was released on bond. He now appeals the remaining two days on his sentence. For the following reasons, we affirm in part, reverse in part, and remand this case to the chancery court for further proceedings consistent with this opinion.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part,
Reversed in Part and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and DON R. ASH, S. J., joined.

Randall J. Fishman, Frierson M. Graves, Jr., Memphis, TN, for Appellant

J. Richard Rossie, David A. Billions, Memphis, TN, for Appellee

## OPINION

## Facts and Procedural History

The facts of this case are very complicated due to the involvement of numerous parties and various legal proceedings. Thus, in the interest of judicial economy, we have chosen to outline only the relevant facts pertaining to the controversy now before this Court.

Performa Entertainment, Inc., a/k/a Performa Entertainment Real Estate, Inc. (Performa) conducts business in downtown Memphis, Tennessee on property leased from 310 Beale Street Properties, LLC (310 Properties) under leases dated February 30, 1999 and February 26, 2001. The property subject to the leases is commonly known as "310 Beale Street." These two lease agreements were executed by Performa, 310 Properties, and Hurricane Memphis, LLC, a subtenant. The leases were further signed by various city officials and Robert Catron, who purported to be the Executive Director of Beale Street Development Corporation (BSDC).

The authority to lease 310 Beale Street, however, was apparently in dispute. Paul Savarin and George Miller, purporting to act on behalf of BSDC, entered into another lease for property commonly known as 326 Beale Street as well as "the vacant lot immediately to the west" with Brent Perritt (Mr. Perritt), who was acting on behalf of Cooper Management, LLC (Cooper). The vacant lot recited in the lease describes the 310 Beale Street property. This lease was dated September 15, 2000.

Subsequent to Cooper's lease of the property, Cooper erected a steel span tent structure (the tent) which partially encroached on the 310 Beale Street property. From this structure, Cooper could conduct business with Beale Street patrons.

With the two sets of agreements, controversies over the possessory rights of the 310 Beale Street property were inevitable. Accordingly, on March 28, 2001, Performa petitioned the chancery court for an injunction declaring its lease valid, declaring Cooper's lease void, and requiring Cooper to remove the tent and other encroaching property. A hearing on the matter was held on April 4, 2001.

On April 6, 2001, the court issued an injunction declaring Perfoma's lease valid and Cooper's lease void. The injunction also ordered Mr. Perritt and Cooper Management to remove the tent and other encroachments within a reasonable time and refrain from placing any additional encroachments on the property. Specifically, the court's injunction stated:

> 3. Cooper Management, L.L.C., including Brent Perritt and all other individuals acting or purporting to act on its, or his, behalf are ordered to remove all of their possessions, including tents and other structures, as soon as reasonably possible, from [the 310 Beale Street property].
> . . . .

4. Cooper Management, L.L.C. must promptly remove all encroachments from 310 Beale Street within a reasonable time.

5. Until any further order of this Court to the contrary, Cooper Management, L.L.C. and Brent Perritt as well as anyone acting on their behalf or in concert with them are prohibited from placing any encroachments upon, or hindering the use of, [the 310 Beale Street property].

Although the court had initially decided to give Cooper and Mr. Perritt thirty days to comply with the terms of the injunction, on the suggestion of Performa the court changed the time period to a "reasonable" time.

Three weeks later, on April 27, 2001, with the structure still in place, Performa petitioned the court to hold Mr. Perritt in civil and criminal contempt for failing to abide by the injunction. At the contempt hearing, Performa asserted that instead of removing the tent, Mr. Perritt, acting for Cooper, had placed more items on the property.

On May 8, 2001, the court entered an order holding Mr. Perritt in both civil and criminal contempt. The court sentenced Mr. Perritt to seven days in jail for the criminal contempt charge. Further, under the civil contempt charge, Mr. Perritt was sentenced to a jail term for an indefinite period, being subject to release upon compliance with the court's injunction. After serving five days, the structure was removed and Mr. Perritt was released from jail on bond. Mr. Perritt now appeals the decision of the lower court and argues that he should not be forced to serve the remaining two days in jail under his criminal contempt conviction.

## Issues

I.   Whether the injunction upon which the contempt conviction is based violates Tennessee Rule of Civil Procedure 65 in that it is vague and uses indefinite terms; and

II.  Whether the evidence preponderates against the trial court's finding that Mr. Perritt violated the injunction; and

III. Whether this Court should, on its own initiative, revise the punishment issued by the lower court for the criminal contempt charge.

## Law and Analysis

In his first issue, Mr. Perritt argues that the chancery court's order finding him in contempt should be set aside because of the underlying injunction's failure to comply with Tennessee Rule of

Civil Procedure 65. Mr. Peritt argues that the injunction lacks sufficient specificity as to the time in which performance was required and, thus, cannot serve as a proper basis for criminal contempt.[1]

The Tennessee Supreme Court has held that finding a party in contempt is "within the court's sound discretion, subject to the absolute provisions of the law." Robinson v. Air Draulics Eng'g Co., 377 S.W.2d 908, 912 (Tenn. 1964) (citing 17 C.J.S. Contempt § 57, page 131). Accordingly, the court's "determination is final unless there is plain abuse of discretion." Id.; See also Hawk v. Hawk, 855 S.W.2d 573, 583 (Tenn. 1993); Sherrod v. Wix, 849 S.W.2d 780, 786 (Tenn. Ct. App. 1992).

In determining whether an abuse of discretion has occurred, appellate courts must not merely substitute their judgment for that of the trial court. White v. Vanderbilt Univ., 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). Instead, appellate review must seek to determine whether the lower court's decision has a basis in law or fact and is therefore not arbitrary, illogical, or unconscionable. State v. Brown & Williamson Tobacco Corp., 18 S .W.3d 186, 191 (Tenn.2000). Where a trial court has improperly construed or applied the applicable legal principles, appellate courts may properly reverse the trial court's decision. White, 21 S.W.3d at 223.

In the case *sub judice*, the proper place to begin our inquiry is with Tennessee Rule of Civil Procedure 65, which outlines the requirements for a valid injunction. Rule 65(2) provides in pertinent part that, "[e]very restraining order or injunction shall be *specific in terms* and shall describe in reasonable detail, and not by reference to the complaint or other document, the act restrained or enjoined." TENN R. CIV. P. 65.02(1) (emphasis added). The obvious purpose of this provision is to apprise the enjoined party of the conduct ordered and the manner in which to remain in compliance with the injunction. See ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 4-3(e), p. 118 (1999). Thus, our focus should be narrowed to the determination of whether the language employed in the underlying injunction was sufficient to properly apprise Mr. Perritt of the conduct required and time limitations under which he was to labor.

We must distinguish the portion of the injunction which ordered Mr. Perritt to act "within a reasonable time" and "as soon as reasonably proper," from the portion that ordered Mr. Perritt to refrain from placing additional encroachments on the 310 Beale Street property. We will first discuss the chancery court's use of reasonableness as the standard by which Mr. Perritt had to perform.

After a diligent search, we have been unable to uncover any Tennessee precedent that discusses Rule 65's specificity requirements as applicable here. However, knowing that the purpose of Rule 65 is to ensure that parties subject to an injunction are properly apprised of their obligations, we hold that courts are bound to use an objective standard in setting a time period under which a

---

[1] We note that because Mr. Perritt has purged himself of civil contempt, only the charge of criminal contempt remains before this Court.

party must labor. The court's order, which required Mr. Perritt to take down the tent within a reasonable time, failed as a matter of law to sufficiently comply with Rule 65 in this respect.

The court's own statement showed the inherent subjectiveness in the standard it applied. When discussing the time period in which Mr. Perritt should perform at the hearing from which the injunction was ordered, the court stated, "as long as it's reasonable behavior. I will have to judge the reasonableness of what is involved." This statement alone shows that, as a matter of law, Mr. Perritt was not properly apprised of the time limitations imposed.

Performa argues that the chancery court initially indicated that thirty days would be an appropriate time period for the tent's removal, but after its objection, the language was changed to the standard actually employed. It follows, Performa argues, that Mr. Perritt was on notice that the chancery court intended the "reasonable" time period to be shorter than thirty days. We disagree with Performa's argument. Because the court employed a standard that was too subjective, the finding of contempt failed as a matter of law with respect to this provision. Even if the court intended a period less than thirty days, the court was still forced to employ the subjective standard. Therefore, the chancery court erred in holding Mr. Perritt in criminal contempt for failing to abide by this portion of the injunction.

However, as stated above, the injunction also ordered Mr. Perritt to refrain from placing additional encroachments on the 310 Beale Street property. Mr. Perritt, in his brief, admits to placing these items on the portion of the property subject to the injunction subsequent to the injunction's entry, but argues, essentially, that there was no point in complying with this portion of the injunction until the tent was removed. We disagree. Whether or not the tent was in place, Mr. Perritt was bound to follow this portion of the injunction. Thus, the chancery court did not err in finding Mr. Perritt in contempt for violation of this portion of the injunction.

In concluding that the chancery court erred in improperly basing a portion of the criminal contempt charge on an insufficiently objective standard, we have determined that it is necessary to adjust Mr. Perritt's punishment. It is well settled that appellate courts retain jurisdiction "to revise and reduce the sentence" imposed for contempt. Robinson, 377 S.W.2d at 913. Although, as pointed out by Performa, we generally avoid modifications of discretionary decisions, the circumstances of this case dictate otherwise due to the chancery court's error. We hold that the five days served by Mr. Perritt constitutes proper punishment for his actions in disobeying the portion of the chancery court's injunction ordering him to refrain from placing additional encroachments on the property. Thus, Mr. Perritt shall not be required to serve the remaining two days of his sentence.

Having sufficiently disposed of this issue, the remaining arguments of Mr. Perritt are unnecessary to address.

## Conclusion

Based on the foregoing conclusions, we hereby affirm in part and reverse in part the decision of the trial court and remand this cause for further proceedings consistent with this opinion. Costs on appeal are assessed equally against the appellant, Brent Perritt, and his surety, and the appellee, Performa Entertainment, Inc., for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE