# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 3, 2003 Session

## FRED SLAUGHTER, ET AL. v. LAURA LEIGH SLAUGHTER, ET AL.

**Appeal from the Chancery Court for Washington County**
No. 33925    G. Richard Johnson, Chancellor

**FILED FEBRUARY 23, 2004**

**No. E2003-01146-COA-R3-CV**

In this appeal from the Chancery Court for Washington County the Appellant, Daniel Bruce Crowe, contends that the Chancery Court erred in finding Mr. Crowe and his attorney in contempt and in its award of attorney fees. We affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Keith D. Stewart, Knoxville, Tennessee, for the Appellant, Daniel Bruce Crowe

Todd A. Covert, Knoxville, Tennessee, for the Appellee, Laura Leigh Slaughter

## OPINION

The case underlying the present matter was previously appealed to this Court and culminated in our affirmation of the Chancery Court's judgment against Mr. Crowe awarding compensatory damages to the Appellee, Laura Leigh Slaughter and voiding a deed which purported to convey certain real property situated in Johnson City, Tennessee from Ms. Slaughter to Mr. Crowe. *Slaughter v. Slaughter*, an unreported opinion of this Court filed in Knoxville on September 18, 2003.

It appears from the record in the appeal now before us that on February 11, 2003, Ms. Slaughter filed a motion to compel Mr. Crowe to respond to interrogatories she had previously propounded to him on October 15, 2002, in aid of execution of the above noted Chancery Court judgment. The Chancery Court issued notice that a hearing on this motion would be conducted on March 3, 2003, at 9:00 a.m.

On February 21, 2003, Ms. Slaughter served Mr. Crowe with a subpoena *duces tecum* pursuant to T.R.C.P. 69. This subpoena called for Mr. Crowe to submit to a judgment debtor's examination on March 14, 2003, at the offices of Ms. Slaughter's attorney, Todd Covert.

The hearing on Ms. Slaughter's motion to compel was conducted as scheduled on March 3, 2003, and the Court entered its order granting the motion and decreeing that Mr. Crowe file responses to the interrogatories in aid of execution within ten days. Mr. Crowe's attorney, Keith Stewart, did not attend this hearing and a letter from him filed with the Chancery Court on the day of the hearing at 10:50 a.m. states that Mr. Stewart would be absent because of a hearing in another court. Although the responses to the interrogatories were apparently transmitted to Mr. Covert on February 28, 2003, Mr. Covert maintains that he had not received them or the non-appearance letter as of the time of the hearing.

By letter dated March 3, 2003, Mr. Stewart notified Mr. Covert that he had a conflict on March 14, 2003, the date set for Mr. Crowe's judgment debtor examination. The parties disagree as to what transpired after Mr. Covert received this letter. Mr. Covert submits correspondence from himself to Mr. Stewart dated March 11, 2003, which indicates that, pursuant to a telephone conversation with Mr. Stewart's secretary, Heidi Ingle, it was agreed that Mr. Crowe's examination would be re-scheduled to April 1, 2003, at 10:00 a.m. in Mr. Covert's offices and that the subpoena *duces tecum* would be in effect for that substitute date. Mr. Stewart asserts that Mr. Covert unilaterally re-scheduled the examination for April 1 without serving further subpoena and without speaking to Mr. Stewart to confirm that date with him. Mr. Stewart further asserts that Ms. Ingle informed Mr. Covert that she could not confirm the April 1 date on behalf of Mr. Stewart and that Mr. Covert would need to speak to Mr. Stewart directly for confirmation.

Neither Mr. Stewart nor Mr. Crowe appeared at Mr. Covert's offices on April 1 for the examination of Mr. Crowe.

On April 7, 2003, Ms. Slaughter filed a motion to compel, for sanctions and for a finding of contempt. In this motion Ms. Slaughter asserts, *inter alia*, that Mr. Crowe's responses to the interrogatories in aid of execution are "woefully inadequate", "evasive" and "incomplete" and should be treated as a failure to answer pursuant to T.R.C.P. 37.01(3). The motion further states that neither Mr. Stewart nor Mr. Crowe appeared for deposition at Mr. Covert's office on April 1, 2003, although Mr. Covert had confirmed with Mr. Stewart's office that the deposition would be re-scheduled to that date with the understanding that the subpoena of February 21, 2003, would be effective as to that date. The motion requests that the Court enter an order compelling discovery, finding both Mr. Crowe and Mr. Stewart in contempt. Finally, the motion requests that Mr. Stewart and Mr. Crowe be ordered to pay reasonable expenses, including attorney fees, caused by their actions. A hearing on the motion was scheduled for April 11, 2003.

On the same date that Ms. Slaughter filed her motion to compel, for sanctions and for a finding of contempt she also filed a motion to divest title. In the latter motion Ms. Slaughter asserts that, although the Chancery Court's order of September 6, 2002, had decreed that the deed which

purported to transfer real property in Johnson City from Ms. Slaughter to Mr. Crowe is a nullity and that Mr. Crowe should immediately transfer the property to Ms. Slaughter, Mr. Crowe has failed to transfer his interest in the property. Based upon these assertions the motion requests that the Court find Mr. Crowe in contempt of court under T.R.C.P. 70 and that the Court enter a decree divesting him of title to the subject property and vesting title to such property in Ms. Slaughter. The hearing on this motion was also scheduled for April 11, 2003.

On April 7, 2003, Mr. Stewart filed a motion to continue the hearing set for April 11 to a later date. This motion was never set for hearing.[1]

On April 11, 2003, the hearing on Ms. Slaughter's motions proceeded as scheduled. Mr. Stewart was not present at the hearing.

The Chancery Court heard Ms. Slaughter's motion to divest title and entered its decree on the date of hearing divesting Mr. Crowe of title to the real property at issue, vesting title of such property in Ms. Slaughter and finding Mr. Crowe in contempt of court for failing to obey the Court's prior order which required that he transfer the real property at issue to Ms. Slaughter.

The Court also granted Ms. Slaughter's motion to compel, for sanctions and for a finding of contempt. On April 22, 2003, the Court entered its order as to that motion decreeing as follows:

> 1. Based upon Attorney Stewart's failure to appear or otherwise schedule a hearing, the Motion to Continue of Crowe is denied;
>
> 2. Crowe is to file full and complete responses to the Interrogatories in Aid of Execution served upon him on October 15, 2002, within ten (10) days from the entry of this Order;
>
> 3. Under Rule 45.06, Crowe is found to be in Contempt of Court;
>
> 4. Under Rule 37.02(D), Crowe and Atorney Stewart are found to be in Contempt of Court;
>
> 5. Under Rules 37.02 and 37.04, Slaughter is granted her attorney fees. Crowe and Attorney Stewart are to pay Slaughter her attorney fees in the amount of $3,750.00 incurred in obtaining this Order. These fees are to be paid within ten (10) days of the entry of this Order;

---

[1] Ms. Slaughter asserts without dispute that Washington County Local Rule 5.01(A) provides that all motions be scheduled for hearing by the attorney filing them on the next motion day or as soon as practicable and that the attorney's failure to schedule may be construed by the court as abandonment of the motion.

6. Under Rule 37.02 and 37.04, Slaughter is granted reasonable expenses. Crowe and Attorney Stewart are to pay Slaughter $60.00 for court reporting services incurred as a result of Crowe's failure to attend the Debtor's Examination. Said sum to be paid within ten (10) days after the entry of this Order;

7. Crowe is to appear and submit to a Debtor's Examination to be held at the offices of attorney Todd Covert located at 2108 Keller Bend Road, Knoxville, Tennessee, at 10:00 a.m. on the 15th day of May 2003. Further, Crowe shall fully comply with the Subpoena Duces Tecum and produce all documents requested therein. Failure to so appear, cooperate and produce will subject Crowe and attorney Stewart to further sanctions by this Court.

8. Costs are to be taxed to Crowe.

Mr. Crowe submitted supplemental answers to the interrogatories in aid of execution on May 5, 2003, and asserts that he submitted to debtor's examination on May15, 2003.

On May 9, 2003, Mr. Crowe filed notice of his appeal of the Chancery Court's final judgment of April 22, 2003.

Mr. Crowe presents two issues for our review which are restated as follows:

1. Did the Chancery Court err in its finding that Mr. Crowe and Mr. Stewart were in contempt?

2. Did the Chancery Court err in determining the amount of attorney fees it awarded to Ms. Slaughter?

Our standard of review in this non-jury case is *de novo* upon the record of the proceedings below and there is no presumption of correctness with respect to a trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn. 1996) and T.R.A.P. 13(d). A trial court's factual findings are, however, presumed to be correct and we must affirm such findings absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993). A trial court's determination as to contempt is final if there is not plain abuse of discretion. *Robinson v. Air Draulics Engineering Co.*, 377 S.W.2d 908 (Tenn.1964).

The first issue we address is whether the Chancery Court properly found Mr. Crowe and Mr. Stewart in contempt of court.

Mr. Crowe begins his argument as to the Chancery Court's finding of contempt by asserting that the Court abused its discretion in its decree of April 11, 2003, which finds Mr. Crowe in contempt for failing to transfer to Ms. Slaughter the real property which was at issue in the underlying case. The notice of appeal which Mr. Stewart filed on May 9, 2003, appeals the Chancery

Court's judgment of April 22, 2003. We find nothing in the record before us which shows that Mr. Crowe appeals the Chancery Court's decree of April 11, 2003, and arguments regarding that decree are, therefore, not properly before this Court.

Mr. Crowe argues next that the Chancery Court's finding that Mr. Crowe's answers to the interrogatories were incomplete and evasive was without factual basis and, therefore, its determination that Mr. Crowe was in contempt is an abuse of discretion. Mr. Crowe states that "[b]ecause Attorney Covert was the only representative able to appear at the April 11th hearing and no court reporter was present, it is unclear what facts, if any, were presented for the trial court's consideration."

The appellant bears the burden of preparing a record on appeal that presents a complete and accurate account of what transpired in the lower court with respect to the issue on appeal and failure to do so results in waiver of the issue and a presumption that the lower court was correct. *Thompson v. State*, 958 S.W.2d 156 (Tenn. Crim. App. 1997). Although Mr. Crowe might have arranged to have a court reporter present at the hearing on April 11, thereby creating a record for our review, he neglected to do so. Because we have before us no transcript of that hearing we have no means of analyzing the evidence which was considered by the Chancery Court in reaching its conclusions. Hence, we have no basis for finding that the Court abused its discretion on the grounds that there was insufficient factual justification for its decision.

Next, Mr. Crowe argues that T.R.C.P. 37.02 is not proper authority for a finding of contempt and the imposition of sanctions under the circumstances in this case. Mr. Crowe notes that this rule is entitled "Failure to Comply With Order." Mr. Crowe asserts that the remedies provided under T.R.C.P. 37.02 are only available when a party disobeys an order of the court. Mr. Crowe points out that there was no court order that he attend the debtor's examination.

T.R.C.P. 37.02 provides in pertinent part that if a party fails to obey an order to provide or permit discovery the court in which the action is pending may make "an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." T.R.C.P. 37.02 further provides that in, addition, "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

While T.R.C.P. 37.02 appears to apply only in the event that an order of the court has been disobeyed, the language of T.R.C.P. 45.04(1), which pertains to subpoenas for taking depositions, indicates that T.R.C.P. 37.02 is also applicable when a party fails to obey a subpoena:

> (1) A subpoena for taking depositions may be issued by the clerk of the court in which the action is pending. If the subpoena commands the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the

examination permitted by Rule 26.02, the subpoena will be subject to the provisions of Rule 30.02, *37.02*, and 45.02. (Emphasis added.)

Our review of the subpoena in this case confirms that it does command Mr. Crowe to bring with him to the deposition items containing "evidence relating to matters within the scope of the examination permitted by T.R.C.P. 26.02." Accordingly, the provisions of T.R.C.P. 37.02 apply. It is our determination that Mr. Crowe's failure to obey the subpoena is sufficient to make him subject to a finding of contempt and to the sanctions set forth under T.R.C.P. 37.02 and a separate order of the court is not required.

Mr. Crowe further contends that, "[a]lthough Rule 37 does not include the term 'willful,' a finding of willful actions is generally required." Mr. Crowe asserts that the record shows that the non-appearance of himself and his attorney at the debtor's examination was occasioned by "misunderstanding and confusion" and "constitutes an 'accidental or involuntary noncompliance' and does not rise to the level of willfulness generally required for sanctions." Without ascertaining whether the Chancery Court was required to find that Mr. Crowe's omissions were willful, we again point out that we are deprived of a transcript of the hearing which led to the Chancery Court's conclusion that Mr. Crowe and Mr. Stewart were in contempt and that sanctions should be imposed. Therefore, we do not know what evidence the Chancery Court relied upon at trial or whether such evidence was sufficient to support a finding of willfulness should that have been required. Mr. Crowe has not met his burden of showing that the Court abused its discretion in arriving at the conclusions it arrived at based upon the evidence before it.

The other issue we address is whether the Chancery Court erred in its determination of the amount of attorney fees it awarded Ms. Slaughter based upon its finding of contempt. Mr. Crowe contends that such amount was excessive and included inappropriate time.

It appears from the order of the Chancery Court entered on April 22, 2003, that the Court's award of attorney fees was based upon Mr. Covert's affidavit filed on the same date. The affidavit sets forth a description of the services for which Mr. Covert seeks compensation, the amount of time expended in rendering such services and the hourly rate charged. The sum total of fees shown in the affidavit is $3,750.00, the amount awarded to Ms. Slaughter by the Court. Our review of the record does not indicate that the reasonableness of the amount of fees claimed and awarded was ever raised as an issue in the Court below. We find nothing to show that, prior to the present appeal, Mr. Crowe ever argued that Mr. Covert's attorney fees were either excessive or included inappropriate time. An issue not addressed in the court below cannot be raised for the first time upon appeal. *Smith v. Harriman Utility Bd.*, 26 S.W.3d 879 (Tenn. Ct. App. 2000).

Although Mr. Covert has requested that we find this to be a frivolous appeal under T.C.A. 27-1-122 and award damages against Mr. Crowe on that basis, in our discretion we deny such request.

For the foregoing reasons the judgment of the Chancery Court is affirmed and the cause is remanded for collection of costs below which are, as are costs of appeal, adjudged against Mr. Crowe and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE